Daniel CARPENTER and Grist Mill Capital, LLC, Plaintiffs-Appellees,

v.

John KOSKINEN, Commissioner of Internal Revenue Service, Defendant-Appellant,

Douglas Shulman, Commissioner, Internal Revenue Service, Victor Song, Chief, Criminal Investigations Division, Internal Revenue Service, Steven Miller, Commissioner, Internal Revenue Service, Shaun Schrader, Criminal Investigation Division, Internal Revenue Service, Unknown IRS Agents, 72, Criminal Investigation Division, Lanny Breuer, John Doe, 1 to 72, Jane Doe, 1 to 72, Defendants.

16-1036-cv

United States Court of Appeals, Second Circuit.

June 29, 2017

FOR PLAINTIFF-APPELLEE DANIEL CARPENTER: JEFFERY P. NICHOLS (David Slossberg, on the brief), Hurwitz, Sagarin, Slossberg & Knuff, LLC, Milford, Connecticut.

FOR PLAINTIFF-APPELLEE GRIST MILL CAPITAL, LLC: JONATHAN EINHORN, New Haven, Connecticut, and Norman Pattis, on the brief, The Pattis Law Firm, LLC, New Haven, Connecticut.

FOR APPELLANT UNITED STATES: MARK DETERMAN (Gregory Victor Davis, Attorney, Tax Division, on the brief), for Caroline D. Ciraolo, Principal Deputy Assistant Attorney General, Tax Division, and S. Robert Lyons, Acting Chief, Criminal Appeals & Tax Enforcement Policy Section, and Deidre M. Daly,

United States Attorney for the District of Connecticut, of counsel.

PRESENT: RALPH K WINTER,
GUIDO CALABRESI, DENNY CHIN,
Circuit Judges,

## SUMMARY ORDER

The Government, sued herein as John Koskinen, Commissioner of the Internal Revenue Service, appeals from the order of the district court entered June 4, 2015 (the "June 4 Order"), denying the Government's Motion to Dismiss and Motion for Summary Judgment, and ordering the return to plaintiffs-appellees Daniel Carpenter and Grist Mill Capital, LLC of certain documents and the destruction of certain documents seized pursuant to a search warrant from 100 Grist Mill Road, Simsbury, Connecticut.

The Government also appeals an order issued by the district court on February 5, 2016 (the "February 5 Order"), denying the Government's Motion for Reconsideration of the June 4 Order, "without prejudice to renewal following the Second Circuit's ruling in *United States v. Ganias*, 755 F.3d 125 (2d Cir. 2014), *reh'g en banc granted*, 791 F.3d 290 (2d Cir. 2015)." At the same time, the district court stayed the June 4 Order "pending further order." In the meantime, on December 24, 2015, in a criminal case against Carpenter, Judge Chatigny denied a similar Rule 41(g) motion. *See United States v. Carpenter*, No. 3:13-CR-226 (RNC), 2015 WL 9461496, at *6-7 (D. Conn. December 24, 2015).

There have been a number of developments since the district court's orders. The original *Ganias* panel decision, which the district court relied on in its June 4 Order, has since been vacated by the *en banc* Court. *See United States v. Ganias*, 824 F.3d 199 (2d Cir. 2016). In the criminal case, Carpenter was convicted on all counts on June 6, 2016. *See United States v. Carpenter*, 190 F.Supp.3d 260 (D. Conn. 2016). He has not been sentenced. At oral argument, the parties' disagreement regarding return of the documents appeared to have narrowed. The Government noted that, subject to chain of custody concerns, it objects only to returning documents relevant to the criminal proceedings. Plaintiffs' counsel acknowledged that they do not object to the retention of these documents as long as the criminal proceedings are pending, and that plaintiffs currently seek only the return of documents not relevant to the criminal proceedings. As for chain of custody concerns, the parties suggested at oral argument that they may be able to reach an agreement to preserve the chain of custody.

This case presents difficult issues of appellate jurisdiction. We need not, however, resolve these issues, as we remand for the district court to consider the changed circumstances discussed above. In its February 5 Order, the district court stayed its June 4 Order, and that stay remains in place. Should the stay be lifted, however, the Government may ask this Court to hear the matter immediately. On remand, the district court may wish to consider having both the civil and criminal cases heard by one judge, as it appears there are now conflicting orders in place.

Accordingly, we **REMAND** this matter to the district court for further proceedings consistent with this order. This panel will retain jurisdiction over any subsequent appeal pursuant to *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994). The restoration of jurisdiction will be automatically triggered by a letter from any party seeking review of the district court's actions on remand, submitted to the Clerk of the Court within fourteen days of the district court's decision. *See id.* The Clerk shall reassign the appeal to this panel,

without need for any party to file a new notice of appeal. The Clerk shall set an expedited briefing schedule for the submission of supplemental letter briefs.